

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN A. GROGAN,<br><br>   Plaintiff,<br><br>v.<br><br>BIRD ROCK HOME MORTGAGE, LLC, et al.,<br><br>   Defendants. | Case No.: 24-CV-1618 JLS (DEB)<br><br>**ORDER ACCEPTING AMENDED COMPLAINT AND CLARIFYING SERVICE OBLIGATIONS**<br><br>(ECF No. 12) |

Presently before the Court is Plaintiff Brian A. Grogan's Second Amended Complaint ("SAC," ECF No. 12). Plaintiff originally brought this action on September 10, 2024, against over a dozen defendants. *See* ECF No. 1. One week later, Plaintiff amended his Complaint, adding three additional defendants. *See* ECF No. 4. Recognizing a potential lack of subject matter jurisdiction under the diversity jurisdiction provision of 28 U.S.C. § 1332, the Court issued an Order to Show Cause, ordering Plaintiff "to show cause as to why diversity jurisdiction exists over this matter." ECF No. 9 ("Order") at 2. In response, Plaintiff filed a Notice of Voluntary Dismissal in which he voluntarily dismissed without prejudice nine of the defendants. *See* ECF No. 11 at 3. Plaintiff contemporaneously amended his Complaint for a second time to reflect the voluntary dismissal, and he also added new claims for violations of federal and state credit reporting laws. *See id.*

Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1). After amending once as of right, however, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff exhausted his one amendment as of right when he properly amended his original Complaint the first time on September 17, 2024, which was less than twenty-one days after serving it. *See* ECF No. 4. However, Plaintiff did not seek nor obtain the Court's leave to amend his Complaint for the second time on October 8, 2024. *See* Docket. Accordingly, Plaintiff's Second Amended Complaint was improperly filed in violation of Federal Rule of Civil Procedure 15(a)(2).

Despite Plaintiff's error, the Court accepts Plaintiff's pleading as the filing was apparently in response to the Court's Order and there does not appear to be prejudice to any of the Defendants as no Defendant has yet been served or appeared in the matter. However, Plaintiff is advised to abide by the amendment obligations prescribed by Federal Rule of Civil Procedure 15 in the future, as the Court may not be so generous the next time around. Plaintiff is further advised to consult Southern District of California Civil Local Rule 15.1 for other obligations as they relate to amended pleadings.

Having accepted Plaintiff's Second Amended Complaint, the Court's jurisdictional concerns have ostensibly been cured with Plaintiff's addition of a federal cause of action for the alleged violation of the Fair Credit Reporting Act. SAC ¶ 4. With that new cause of action, the face of Plaintiff's Second Amended Complaint appears to satisfy the requirements of federal question jurisdiction under 28 U.S.C. § 1331. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) ("[Section 1331] is invoked by and large by plaintiffs pleading a cause of action created by federal law . . . ."). The Court is thus satisfied, at least for now, that jurisdiction is proper in federal court.

Accordingly, the Court accepts Plaintiff's Second Amended Complaint (ECF No. 12), and Plaintiff is now directed to comply with the service requirements of Federal Rule of Civil Procedure 4. Plaintiff **SHALL** serve all Defendants within ninety (90) days

of the filing date of the original Complaint, or alternatively, if a defendant was added by later amendment, within ninety (90) days from the date of the amendment. *See McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir. 1990).

**IT IS SO ORDERED.**

Dated: October 25, 2024

Hon. Janis L. Sammartino
United States District Judge