UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN A. GROGAN,<br><br>        Plaintiff,<br><br>v.<br><br>BIRD ROCK HOME MORTGAGE, LLC, et al.,<br><br>        Defendants. | Case No.:  24-CV-1618 JLS (DEB)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>(ECF No. 7) |

   Presently before the Court is Plaintiff Brian Grogan's *Ex Parte* Application for an Order to Perform a Declaratory Relief, Temporary Injunction ("TRO Mot.," ECF No. 7). Having carefully considered Plaintiff's filing and the applicable law, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's TRO Motion.

Federal Rule of Civil Procedure 65(b) governs the issuance of a temporary restraining order ("TRO").  The standard for a TRO is identical to the standard for a preliminary injunction.  *Frontline Med. Assocs., Inc. v. Coventry Healthcare Worker's Comp., Inc.*, 620 F. Supp. 2d 1109, 1110 (C.D. Cal. 2009).  A plaintiff seeking preliminary relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief" and is "never awarded as a matter of right."  *Id.* at 22, 24.  "Because it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, [the court] need not consider the remaining three [*Winter* elements]."  *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (internal quotation marks omitted) (citing *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013)).

When a plaintiff has not provided notice of his application to the defendant, Federal Rule of Civil Procedure 65(b)(1) imposes specific requirements prior to the issuance of a TRO.  Namely:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  "The stringent restrictions imposed . . . by Rule 65[] on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and

an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438–39 (1974) (footnote omitted).

Accordingly, "courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). "For example, an ex parte TRO may be appropriate 'where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing.'" *Id.* (quoting *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)). Alternatively, "[i]n cases where notice could have been given to the adverse party, courts have recognized a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action.'" *Id.* (quoting *Am. Can Co.*, 742 F.3d at 322).

Here, Plaintiff has failed to establish a likelihood of success on the merits and to comply with the stringent notice requirements of Federal Rule of Civil Procedure 65(b)(1) for issuance of an *ex parte* TRO. Plaintiff originally brought this action on September 10, 2024, against over a dozen defendants. *See generally* ECF No. 1. One week later, Plaintiff amended his Complaint, adding as a Defendant Bird Rock Home Mortgage, LLC ("Bird Rock"). *See generally* ECF No. 4. Shortly after that, Plaintiff filed the instant TRO Motion against Bird Rock, asking the Court to order Bird Rock "to cease and desist from the current potential claim of alleged ownership/eviction and harassment regarding the property" at issue. TRO Mot. at 2.

Recognizing a potential lack of subject matter jurisdiction under the diversity jurisdiction provision of 28 U.S.C. § 1332, the Court issued an Order to Show Cause, ordering Plaintiff "to show cause as to why diversity jurisdiction exists over this matter." ECF No. 9 at 2. In response, Plaintiff filed a Notice of Voluntary Dismissal in which he voluntarily dismissed without prejudice nine of the defendants, one of which was Bird Rock. *See* ECF No. 11 at 3. Plaintiff contemporaneously amended his Complaint a second time to reflect the voluntary dismissal.

Consequently, the only entity against whom Plaintiff seeks emergency relief is no

longer before the Court.  However, "there is no question of 'jurisdiction' and there can be no binding adjudication of a person's rights in the absence of that person."  *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 122 (1968).  As a result, the Court has no authority to grant the relief asked for in this matter.[1]  In any event, it does not appear that Plaintiff has complied with the stringent notice requirements of Federal Rule of Civil Procedure 65(b)(1) for issuance of an *ex parte* TRO.[2]  Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's TRO Motion.

## CONCLUSION

In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's TRO Motion (ECF No. 7).

**IT IS SO ORDERED.**

Dated:  October 25, 2024

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[1] Plaintiff appears to include Defendant Stanley C. Middleman in Plaintiff's Proposed Order as an individual against whom Plaintiff seeks emergency relief, but Plaintiff makes no mention of Middleman in the TRO Motion, nor does he explain Middleman's involvement in the challenged actions.

[2] Plaintiff attached as Exhibit F to his TRO Motion "a detailed timeline of the forty-four (44) attempts of postal-article-communications . . . to validate [Plaintiff's] lawful status as remaining in honor and to confirm the Administrative Default as of April 7, 2024," but Plaintiff does not claim to have provided notice of his TRO Motion, nor does he argue either of the notice exceptions of Federal Rule of Civil Procedure 65(b)(1) apply.